**Ruth Maria TOBON de Montoya, Petitioner,**

v.

**Alberto R. GONZALES,[1] Attorney General, Respondent.**

**No. 04–5341–AG.**

United States Court of Appeals, Second Circuit.

Feb. 13, 2006.

Glenn T. Terek, Wethersfield, Connecticut, for Petitioner.

Roslynn R. Mauskopf, United States Attorney, Eastern District of New York, Su-

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for for- mer Attorney General John Ashcroft as the respondent in this case.

san Corkery, Anthony G. Kyriakakis, Assistant United States Attorneys, Brooklyn, New York, for Respondent, of counsel.

PRESENT: Hon. GUIDO CALABRESI, Hon. SONIA SOTOMAYOR, and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

In June 2003, Tobon, a native and resident of Columbia, filed an application for asylum, withholding of removal and CAT relief, the denial of which she challenges in this brief. We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the IJ, we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir. 2005). We review factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004); *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003) *Diallo v. INS*, 232 F.3d 279, 288 (2d Cir.2000).

■ The IJ's determination that Tobon did not meet her burden of proof is reasonable. The IJ determined that, even if he were to find that Tobon could show past persecution, she could avoid future persecution by relocating to another part of Columbia, and that it would be reasonable to do so. *See* 8 C.F.R. § 1208.13(b)(1)(i)(B) (mandating discretionary denial of asylum to applicant who has shown past persecution if the applicant could avoid future persecution by relocating to another part of the country, and "if under all circumstances it would be reasonable to expect the applicant to do so"); 8 C.F.R. § 1208.13(b)(2)(ii) (providing that such applicants have no well-founded fear of persecution). Tobon's testimony clearly demonstrates her ability to internally relocate within Columbia. Her husband moved the family from La Estrella to Caldas, where they encountered no problems. Additionally, Tobon stayed with her father for three months before coming to the United States and for a few months when she returned to Columbia in 2002. Tobon testified that she felt protected at her father's home because that area is watched by soldiers. The IJ's determination that internal relocation is reasonable is supported by substantial evidence.

■ With respect to Tobon's claim for CAT relief, the IJ determined that there is no testimony in the record that Tobon would be tortured by the government of Columbia or by an individual acting on behalf of the government. This is not the correct standard. Instead, the IJ should have evaluated the likelihood of torture by persons whose acts the government knows of or remains willfully blind of and therefore breaches it legal responsibility to prevent. *See Khouzam v. Ashcroft*, 361 F.3d 161, 171 (2d Cir.2004). However, the IJ's determination that Tobon could avoid persecution through internal relocation is equally applicable with respect to torture, because the feared behavior is the same, and so any error was harmless.

■ Tobon claims in her petition for review that it was inappropriate for the BIA to issue a summary affirmance in this case. Because the IJ's detailed decision in this case contained no harmful or material error, Tobon was not harmed by any procedures employed by the BIA here, and so this claim is denied.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DE-

NIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).